IT IS ORDERED

Date Entered on Docket: April 1, 2020



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE:

David A. Lopez aka David Lopez and Stephanie D Lopez,

    Debtors.                        Case No. 19-12978-jr7

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 905 Avenida Manana, Roswell, NM 88203

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on February 26, 2020, Docket No. 14 (the "Motion"), by U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1[1] ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)     On February 26, 2020, Movant served the Motion and notice of the Motion Docket No. 15 (the "Notice") on counsel of record for Debtors, David A. Lopez

---

[1] Loan was service transferred to Specialized Loan Servicing, LLC 2/15/2020

and Stephanie D Lopez, and the case trustee, Clarke C. Coll, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

    (b)    The Motion relates to the following property legally described as:

The South 35 feet of Lot 13 and the North 45 feet of Lot 12 in Block 5 of Casa Bonita Subdivision, in the City of Roswell, County of Chaves and State of New Mexico, as shown on the Official Plat filed in the Chaves County Clerk's Office on December 28, 1960 and recorded in Book C of Plat Records, at Page 139.

and commonly known as: 905 Avenida Manana, Roswell, NM 88203;

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on March 27, 2020;

    (f)    As of March 30, 2020, no objections to the Motion have been filed;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on march 30, 2020, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtors are currently on active military duty of the United States.

    **IT IS THEREFORE ORDERED:**

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, although the Debtors can be named as a defendant in litigation to obtain an *in rem* judgment if Debtors are granted a discharge, or to foreclose the Property in accordance with applicable non-bankruptcy law. Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtors personally, to collect amounts due, if Debtors' discharge is denied or if Debtors' bankruptcy is dismissed.

4. This Order shall continue in full force and effect if this case converted to a case under another chapter of the Bankruptcy Code.

5. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/ Stephanie Schaeffer**
**McCarthy & Holthus, LLP**
**Stephanie Schaeffer, Esq.**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 3/30/2020**
**sschaeffer@mccarthyholthus.com**

COPIES TO:
**DEBTORS**
David A. Lopez
905 Avenida Manana
Roswell, NM 88203

Stephanie D Lopez
905 Avenida Manana
Roswell, NM 88203

**DEBTOR(S) COUNSEL**
R Matthew Bristol
mattrmblaw@cableone.net

**CASE TRUSTEE**
Clarke C. Coll
clarkecoll@gmail.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608